

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 18, 2014**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TX OK AIR, L.L.C., | § | CASE NO. 13-34893-bjh-11 |
| | § | |
| Debtor | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S  (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING  PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

TX OK Air, L.L.C., as debtor and debtor-in-possession in the above-captioned Chapter

11 case (the "Debtor"), having proposed (A) the First Amended Plan of Reorganization Dated

May 31, 2014, as Modified June 11, 2014, and filed with the United States Bankruptcy Court for

the Northern District of Texas, Dallas, Division (the "Court") on June 14, 2014 [Dkt. No 71] (as

it may be further amended or supplemented from time to time, the "Plan") attached hereto as

Exhibit A, and (B) the Second Amended Disclosure Dated June 3, 2014 (as the same may be

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A)
SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES
AND VOTING  PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST
AMENDED PLAN OF  REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014

1

amended or further supplemented from time to time, the "Disclosure Statement"), (ii) appropriate ballots (collectively, the "Ballots") for voting on the Plan, and (iii) the *Declaration of Oluwande Elam, Balloting Agent* (the "Elam Declaration"), sworn to by Oluwande Elam on July 10, 2014 and filed with the Court on July 14, 2014 [Docket No. 70]; and the Ballots having been duly transmitted to holders of Claims[1] in Classes 2, 3, and 4 in compliance with the procedures (the "Solicitation Procedures") set forth in the *Order on Motion for Order (I) Conditionally Approving Second Amended Disclosure Statement:  (II) Setting Date for Consolidated Hearing on (A) Final Approval of Second Amended Disclosure Statement; and (B) Confirmation of First Amended Plan; (III) Establishing and Consolidating Deadlines to File (A) Objections to Second Amended Disclosure Statement, and (B) Objections to Confirmation; and (IV) Granting Related Relief* (the "Notice Order") [Dkt. No. 59] and due notice of the Consolidated Hearing having been served in accordance with the Federal Rule of Bankruptcy 2002, the Notice Order and the Solicitation Procedures, as established by the Certificate of Service [Dkt. 61] filed with the Court and the Affidavit of Mailing, and such notice being sufficient under the circumstances and  no further notice being required;  and based upon and after full consideration of the entire record of the Consolidated Hearing, including (A) the Disclosure Statement, the Plan and the Elam Declaration, (B) the Declaration of Hollie Williams in Support of TX OK Air, L.L.C.'s (A) Second Amended Disclosure Statement Dated June 3, 2014, (B) Solicitation of Votes and Voting Procedures, and (C) Forms of Ballots, and (II) Confirming the First Amended Plan of Reorganization Dated May 31, 2014, as Modified June 11, 2014 (the "Williams Declaration") [Dkt. 73], (C) the Affidavit of Gregory A. Echt, M.D. in Support of TX OK Air, L.L.C.'s (A)

---

[1] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING  PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF  REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

Second Amended Disclosure Statement Dated June 3, 2014, (B) Solicitation of Votes and Voting Procedures, and (C) Forms of Ballots, and (II) Confirming the First Amended Plan of Reorganization Dated May 31, 2014, as Modified June 11, 2014 (the "Echt Affidavit") [Dkt. 75], (D) the Affidavit of Nathan Graves, M.D. in Support of TX OK Air, L.L.C.'s (A) Second Amended Disclosure Statement Dated June 3, 2014, (B) Solicitation of Votes and Voting Procedures, and (C) Forms of Ballots, and (II) Confirming the First Amended Plan of Reorganization Dated May 31, 2014, as Modified June 11, 2014 (the "Graves Affidavit") [Dkt. 76]; and the Court being familiar with the Disclosure Statement and the Plan and other relevant factors affecting the Chapter 11 Case (defined below); and the Court being familiar with, and having taken judicial notice of, the entire record of the Chapter 11 Cases; and upon the arguments of counsel and the evidence proffered and adduced at the Consolidated Hearing; and the Court having found and determined that the Disclosure Statement should be approved and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Consolidated Hearing; and after due deliberation and sufficient cause appearing therefor; the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**THE COURT FINDS AND CONCLUDES THAT:**

    A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record of the Consolidated Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

3

constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>.  This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §§ 157 and 1334.  Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter an order with respect thereto. This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  The Debtor is an eligible debtor under Bankruptcy Code section 109.  The Debtor is a proper plan proponent under Bankruptcy Code section 1121(a).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

C.   <u>Chapter 11 Petition</u>.  On September 25, 2013 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed pursuant to Bankruptcy Code section 1104. No statutory committee of unsecured creditors has been appointed pursuant to Bankruptcy Code section 1102.

D.   <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

E.     Burden of Proof.   The Debtor has the burden of proving the elements of Bankruptcy Code sections 1129(a) and (b) by a preponderance of the evidence.

F.     Adequacy of Disclosure Statement.   The Disclosure Statement complies with Official Form B25 – Disclosure Statement for a Small Business and includes, among other information, the following: (i) deadlines for voting and objecting to the Debtor's Plan and the date of the confirmation hearing; (ii) the required disclaimer; (iii) a description and history of the Debtor's business, including the management and insiders of the Debtor; (iv) key events leading to the Debtor's chapter 11 filing; (v) significant events during the chapter 11 case; (vi) summary of the Plan; (vii) management of the Reorganized Debtor; (viii) financial projections and a valuation analysis; (ix) a liquidation analysis; (x) risk factors affecting the Debtor, the Reorganized Debtor, and the Plan; (xi) requirements for confirmation of the Plan; and (xii) tax consequences of the Plan.   The Disclosure Statement (a) complies with due process, (b) contains "adequate information" (as such term is defined in Bankruptcy Code section 1125(a)(1) and used in Bankruptcy Code section 1126(b)(2)) with respect to the Debtor, the Plan, and the transactions contemplated therein.

G.     Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1).   The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a.     Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1).   In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates five (5) classes:  four (4) classes of claims (Classes 1-4) and one (1) class of equity interests

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

(Class 5). Classes 2, 3, and 4 are impaired. The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code section 1122. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

b. <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>. Article IV of the Plan specifies the treatment of the impaired Classes of Claims thereby satisfying Bankruptcy Code section 1123(a)(3).

c. <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>. The Plan either provides the same treatment for each Claim within each respective Class or the holder of a particular claim or interest has agreed to a less favorable treatment of his/her/its particular claim or interest, thereby satisfying Bankruptcy Code section 1123(a)(4).

d. <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>. Article VII of the Plan provides adequate and proper means for implementing the Plan. Article 7.1 provides for payment in full of all Allowed Claims by cash flow from operations, future income and monthly infusions of capital from the equity holders as needed. Article

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

6

7.2 provides for the post-Effective Date management and ownership of the Reorganized Debtor by the current members, Dr. Nathan Graves and/or Dr. Gregory Echt. Article 7.3 provides the authorization for the Reorganized Debtor to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan on and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation. The management of the Reorganized Debtor is authorized and directed to do all things and to execute and deliver all agreements, documents, instruments, notices and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtor and Reorganized Debtor. Article 7.4 provides for the execution of the documents necessary for the implementation of this Plan. Article 7.5 provides for the re-vesting of assets in the Debtor free and clear of all liens, claims, Causes of Action, interests, security interests and other encumbrances other than those provided herein or granted by Debtor on or after the Effective Date and without further order of the Bankruptcy Court. On and after the Effective Date, except as otherwise provided in this Plan, the Reorganized Debtor may operate its business and may use, acquire

and dispose of its assets free of any restriction of the Bankruptcy Code unless otherwise provided in this Plan or under applicable state law. Article 7.6 provides that substantial consummation of the Plan under Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date. Article 7 incorporates Bankruptcy Rule 9019. Article 8 provides that the Plan shall be deemed to constitute a motion for valuation under the Bankruptcy Code, including to value any lien, security interest, or encumbrance treated by this Plan; provided, however, that nothing in this Plan shall alter any valuation ordered by Final Order of the Bankruptcy Court in the Chapter 11 Case. Article 7.9 provides that the automatic stay provided in Section 362 of the Bankruptcy Code, shall remain in effect through the Effective Date, unless otherwise specifically modified, annulled, or terminated by the Bankruptcy Court pursuant to a separate order, and shall terminate on the Effective Date. Article 7.10 provides that if any impaired class votes to accept the Plan, but not all classes accept the Plan, the Debtor will seek confirmation under the cram down provisions of Section 1129(b) of the Bankruptcy Code and hereby gives notice of intent to invoke the cram down provisions of Section 1129(b) in that event. Article 7.11 provides remedies in the event of default and clarifies that nothing contained in the Plan shall be construed to create a personal

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

8

liability of the members of the Debtor where such liability did not previously exist prepetition.

    e.    <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>.  The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management in Article 7.2 thereby satisfying Bankruptcy Code section 1123(a)(7).

    f.    <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>.  The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

H.    <u>Identification of Plan Proponent—Fed. R. Bankr. P. 3016(a)</u>.  The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the proponent of the Plan.

I.    <u>Notice of the Consolidated Hearing—Fed. R. Bankr. P. 2002 and 3017</u>.  The Debtor has given notice of the Consolidated Hearing, the deadline to accept or reject the Plan, and the deadline to object to the Disclosure Statement and Plan in accordance with the Notice Order.  The solicitation packages were transmitted to the holders of Claims and Equity Interests entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 2002 and 3017 and the Notice Order as set forth in the Certificate of Service [Dkt. 61, Ex. 7] and the Affidavit of Mailing of Tony Bautista [Ex. 8].

J.    <u>Voting</u>. As evidenced by the Elam Declaration, votes to accept or reject the Plan were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of  Bankruptcy Practice and Procedure of the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

9

United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and applicable non-bankruptcy law.

K.  <u>Distribution</u>.  All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

L.  <u>Impaired Classes That Have Voted to Accept the Plan</u>.  As evidenced by the record established at the Consolidated Hearing, which, inter alia, sets forth the voting results on the Plan, impaired Classes have voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

M.  <u>Solicitation of Votes - Fed. R. Bankr. P. 3018</u>.  The Plan, the Disclosure Statement, the Ballots, and the Notice Order were transmitted and served in compliance with Bankruptcy Code sections 1125 and 1126, the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017 and 3018, the Local Rules, the Notice Order and all other rules, laws and regulations applicable to such  solicitation. The forms of the Ballots adequately addressed the particular needs of the Chapter 11 Case and were appropriate for holders of Claims or Equity Interests. The Debtor was not required to solicit votes from the holders of Claims or Equity Interests in Class 1 (Priority Claims other than administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)) as the Holders of the Claims in Class 1 are unimpaired under the Plan and are deemed to accept the Plan. The Debtor was not required to solicit votes from the holders of Equity Interests in Class 5 are unimpaired and are deemed to accept the Plan. As described in and as evidenced by the Elam Declaration and the Certificate of Service, the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING  PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF  REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

transmittal and service of the Disclosure Statement, Plan, Ballots, and notice of the Consolidated

Hearing, (all of the foregoing, the "Solicitation") were timely, adequate, and sufficient under the

circumstances. The Solicitation of votes on the Plan complied with the Solicitation Procedures,

was appropriate and satisfactory based upon the circumstances of the Chapter 11 Case, was

conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any other applicable rules, laws and regulations.

N. <u>The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>.

The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby

satisfying Bankruptcy Code section 1129(a)(2). Specifically:

    a. The Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code section 109.

    b. The Debtor has complied with applicable provisions of the Bankruptcy Code and orders of the Court.

    c. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

O. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed

the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy

Code section 1129(a)(3). This Court has examined the totality of the circumstances surrounding

the formulation of the Plan. Based upon the evidence presented at the Consolidated Hearing, the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

P.      Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4).    Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

Q.      Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5).    The Debtor has complied with Bankruptcy Code section 1129(a)(5) by disclosing at or before the Consolidated Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Debtor.

R.      No Rate Changes—11 U.S.C. § 1129(a)(6).    No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan.    Thus, Bankruptcy Code section 1129(a)(6) is not applicable in this Chapter 11 Case.

S.      Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7).    The Plan satisfies Bankruptcy Code section 1129(a)(7).  The Disclosure Statement, Plan, and evidence adduced at the Consolidated Hearing (i) are persuasive, credible and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

12

Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

T.     <u>Acceptance by All Impaired Classes</u>—11 U.S.C. § 1129(a)(8). The Plan satisfies the requirement of section 1129(a)(8) that all impaired classes of claims or interests have accepted the plan, as provided in 11 U.S.C. § 1126, or any non-accepting class is unimpaired under the Plan.

U.     <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(A) and (C).

V.     <u>Acceptance by Impaired Classes</u>—11 U.S.C. § 1129(a)(10). At least one Class of Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code section 1129(a)(10).

W.     <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization. The Plan provides for continued infusions of cash as needed from the members of the Debtor. The Debtor's members have personal guarantees on the debt to Mutual of Omaha Bank. Historically, the members of the Debtor have contributed to the Debtor when needed. The Debtor's members will continue to contribute to the Debtor as needed. The Debtor's members have the financial resources to make these payments as needed.

X.     <u>Payment of Fees</u>—11 U.S.C. § 1129(a)(12). All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

13

on the Effective Date pursuant to the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

Y.    <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>.  The Debtor does not have any retiree benefits to be continued under the Plan.  Thus, Bankruptcy Code section 1129(a)(13) is not applicable to the Debtor.

Z.    <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>.  The Plan does not provide for the sale of any of the Debtor's property.  Thus, Bankruptcy Code section 1129(a)(16) is inapplicable.

AA.    <u>11 U.S.C. § 1129(b)</u>.  The requirements 11 U.S.C. § 1129(a)(8) have been met, and accordingly the "cramdown" provisions of 11 U.S.C. § 1129(b) are not necessary. Nevertheless, all of the requirements of Bankruptcy Code Section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

BB.    <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>.  Based on the record before the Court in these Chapter 11 Cases, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

14

within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code section 1125.

CC.    Impairment of Classes—11 U.S.C. § 1123(b)(1).  In accordance with Bankruptcy Code Section 1123(b)(1), Article IV of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

DD.    Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2).  Pursuant to Article VI of the Plan, the Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan: (i) Air Carrier Lease, Operations and Management Agreement with BAM Denton Management Ventures, LLC d/b/a Business Air Management; (ii) ProAdvantage Agreement No. CJ1-0457B with Cessna Aircraft Company, Cessna Service Parts & Programs; (iii) JSSI Select Hard-Time Engine Maintenance Program Contract, Contract #JSS10001838 with Jet Support Services, Inc. The Debtor will continue to perform under its post-petition insurance contract.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  Accordingly, the Plan complies with Bankruptcy Code section 1123(b)(2).

EE.    Satisfaction of Confirmation Requirements.  The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

FF. <u>Plan Modifications</u>. The modifications to the Plan filed June 14, 2014, put on the record at the Consolidated Hearing, and set forth herein do not materially or adversely affect or change the treatment of any holder of a Claim who has not accepted the modifications. Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under Bankruptcy Code section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code section 1126, nor do they require that holders of claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Consolidated Hearing constitutes due and sufficient notice thereof under the circumstances of these Chapter 11 Cases.

GG. <u>Modifications to the Plan</u>. The Plan is modified as set forth below:

a. Article 1.1 is modified to correct a capitalization typographical error.

b. Article 3.3 is modified to add the following to the end of the current text:

> Post-confirmation payments on the Allowed Priority Tax Claim of the Texas Comptroller ("Comptroller") shall be made monthly. Post-confirmation interest on the Comptroller's Allowed Priority Tax Claim shall accrue at the state statutory rate of 4.25%.
>
> A failure by the reorganized Debtor to make a payment to the Comptroller as required by the Plan shall be an Event of Default. If the reorganized Debtor fails to cure an Event of Default as to a tax payment within ten (10) days after service of a written notice of default from the Comptroller to the Debtor and Debtor's counsel, then the Comptroller may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this court. Debtor will be allowed to cure no more than two Events of Default with the Comptroller. A third Event of Default cannot be cured without Comptroller's written consent.

c. Article 4.1. is modified to add the following after the treatment of Class 3

– Allowed Secured Claims of Taxing Authorities:

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

The County of Denton, Texas shall retain all property tax liens currently securing its claims until all taxes and interest protected by those liens have been paid as to any properties affected in any manner by this Plan.

Taxes for the 2014 tax year shall be timely paid, along with any penalties or accrued interest, in the ordinary course when due. If not so paid, the County of Denton, Texas, may exercise all state law collection activities, for all amounts due by the Debtor, without further recourse to the Bankruptcy Court.

## DECREES

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.     <u>Approval of Disclosure Statement</u>.  The Disclosure Statement is approved.

2.     <u>Confirmation of the Plan</u>.  The Plan, which consists of the Plan and modifications set forth in this Confirmation Order or on the record at the Consolidated Hearing, is approved and confirmed under Bankruptcy Code section 1129 in its entirety.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

3.     <u>Objections</u>.  Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

4.     <u>Approval of Plan Modifications</u>.  The modifications set forth on the record at the Consolidated Hearing or set forth herein are approved.  The Plan, as so modified, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

5.     <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>.  The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order.  Subject to the occurrence of the Effective Date, and

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in the Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. Upon the occurrence of the Effective Date with respect to the Debtor, the Plan shall be deemed substantially consummated.

6. <u>Debtor's Discharge and Plan Injunction</u>. Pursuant to Article IX of the Plan, upon the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d0(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Plan, your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

7. <u>Plan Implementation Authorization</u>. Pursuant to the Plan article 7.4, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided for in a particular document under the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

18

8.    <u>Binding Effect</u>.  On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon the (a) Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

9.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>.

a.  Pursuant to Article VI of the Plan, the Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan:

i.  Air Carrier Lease, Operations and Management Agreement with BAM Denton Management Ventures, LLC d/b/a Business Air Management.

ii.  ProAdvantage Agreement No. CJ1-0457B with Cessna Aircraft Company, Cessna Service Parts & Programs.

iii.  JSSI Select Hard-Time Engine Maintenance Program Contract, Contract #JSS10001838 with Jet Support Services, Inc.

iv.  Post-petition insurance contracts.

b.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the effective date of this Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

19

10. <u>Cure Claim</u>. Except to the extent a party to an executory contract agrees otherwise, in accordance with §365 of the Bankruptcy Code, the Debtor/Reorganized Debtor shall cure all monetary and non-monetary defaults under the executory contracts. A proof of claim arising from the assumption of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

11. <u>Rejection Damage Claim</u>. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan

12. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

13. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

14. <u>Resolution of Claims</u>. Unless otherwise ordered by the Bankruptcy Court, any objections to Claims shall be filed on or before the date that is the later of: (a) 30 days after the Effective Date, and (b) the last day of such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for objecting to certain Claims. The Bankruptcy Court may extend any deadline to object to Claims for cause.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

15. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on or before the Effective Date or the due date or as soon as practicable thereafter. All Bankruptcy Fees will be paid until the Bankruptcy Court enters a final decree closing the Chapter 11 Cases.

16. <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

17. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over the implementation of the Plan.

18. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

19. <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on (a) the United States Trustee; and (b) the entities that have requested notice in this case pursuant to Bankruptcy Rule 2002.

20. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

21.     Inconsistency.  In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

22.     Enforceability.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

23.     Final Order.  This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

24.     Professional Fee Claims.  All applications for final allowance of compensation and reimbursement of Professionals' fees and expenses must be filed no later than forty-five (45) days following the Effective Date and will be subject to the authorization and approval of the Court. Any objections to such applications shall be filed no later than forty-five (45) days following the date on which a final fee application is filed with the Court.

25.     Administrative Expense Claims.  Except with respect to requests for allowance of compensation and reimbursement of Professional fees and expenses, requests for payment of Administrative Expenses, if required, must be filed and served no later than 30 days after the Effective Date. Holders of Administrative Expenses that are required to, but do not, file and serve a request for payment of such Administrative Expenses by such date shall be forever barred, estopped, and enjoined from asserting such Administrative Expenses against the Debtor or Reorganized Debtor or its property, and such Administrative Expenses shall be deemed discharged as of the Effective

Date. Objections to such requests, if any, must be filed and served on the Reorganized Debtor and the requesting party no later than 75 days after the Effective Date or such later date as the Bankruptcy Court may approve. Notwithstanding the foregoing, no request for payment of an Administrative Expense need be filed with respect to any Administrative Expense made an allowed Administrative Expense by Final Order, including all Administrative Expenses expressly made allowed Administrative Expenses under this Plan.

26. <u>Modifications to the Plan</u>. The Plan is modified as set forth below:

a. Article 1.1 is modified to correct a capitalization typographical error.

b. Article 3.3 is modified to add the following to the end of the current text:

> Post-confirmation payments on the Allowed Priority Tax Claim of the Texas Comptroller ("Comptroller") shall be made monthly. Post-confirmation interest on the Comptroller's Allowed Priority Tax Claim shall accrue at the state statutory rate of 4.25%.
>
> A failure by the reorganized Debtor to make a payment to the Comptroller as required by the Plan shall be an Event of Default. If the reorganized Debtor fails to cure an Event of Default as to a tax payment within ten (10) days after service of a written notice of default from the Comptroller to the Debtor and Debtor's counsel, then the Comptroller may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this court. Debtor will be allowed to cure no more than two Events of Default with the Comptroller. A third Event of Default cannot be cured without Comptroller's written consent.

c. Article 4.1. is modified to add the following after the treatment of Class 3

> – Allowed Secured Claims of Taxing Authorities:
>
> The County of Denton, Texas shall retain all property tax liens currently securing its claims until all taxes and interest protected by those liens have been paid as to any properties affected in any manner by this Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

23

Taxes for the 2014 tax year shall be timely paid, along with any penalties or accrued interest, in the ordinary course when due. If not so paid, the County of Denton, Texas, may exercise all state law collection activities, for all amounts due by the Debtor, without further recourse to the Bankruptcy Court.

### ### END OF ORDER ###

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

24

Order Submitted By:

Frances A. Smith
Texas Bar No. 24033084
SHACKELFORD MELTON, MCKINLEY & NORTON, LLP
3333 Lee Parkway, Tenth floor
Dallas, Texas  75219
(214) 780-1400
(214) 780-1401
Email: fsmith@shackelfordlaw.net
**ATTORNEYS FOR TX OK AIR, L.L.C.**

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTOR'S (A) SECOND AMENDED DISCLOSURE STATEMENT DATED JUNE 3, 2014, (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORMS OF BALLOTS, AND (II) CONFIRMING THE FIRST AMENDED PLAN OF  REORGANIZATION DATED MAY 31, 2014, AS MODIFIED JUNE 11, 2014**

Frances A. Smith
Texas Bar No. 24033084
SHACKELFORD MELTON MCKINLEY & NORTON, LLP
3333 Lee Parkway, Tenth floor
Dallas, Texas 75219
(214) 780-1400
(214) 780-1401
Email: fsmith@shackelfordlaw.net
**ATTORNEYS FOR TX OK AIR, L.L.C.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 13-34893-bjh-11 |
| TX OK AIR, L.L.C., | § | |
| | § | |
| Debtor | § | |

**TX OK AIR, L.L.C.'S FIRST AMENDED PLAN OF REORGANIZATION
DATED MAY 31, 2014, AS MODIFIED JULY 11, 2014**

**ARTICLE I
SUMMARY**

1.1     This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") proposes to pay 100% to creditors of TX OK Air, L.L.C (the "Debtor") from cash flow from operations, future income, and an infusion of capital from the equity holders.

1.2     This Plan provides for 2 classes of secured claims; 1 class of priority claims; 1 class of unsecured claims; and 1 class of equity security holders. The Plan provides for the payment of administrative claims in full on the effective date of the Plan. The Plan provides for the payment of priority claims as provided by the Bankruptcy Code or the claimant's agreement. General unsecured creditors holding allowed claims will receive payment in full over time. Equity interest holders will retain their equity interests.

1.3     All creditors and equity security holders should refer to Articles III through V of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**


EXHIBIT
A

**TX OK AIR, L.L.C.'S FIRST AMENDED PLAN OF REORGANIZATION – PAGE 1**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1.    Class 1.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)) of the Bankruptcy Code.

2.2    Class 2.  The claim of Mutual of Omaha, to the extent allowed as a secured claim under § 506 of the Bankruptcy Code.

2.3    Class 3.  The allowed secured claims of taxing authorities to the extent allowed under the Texas Property Tax Code § 32.01 and § 507(a)(8)(B) of the Bankruptcy Code.

2.4    Class 4.  All general unsecured claims allowed under § 502 of the Code.

2.5    Class 5.  Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.1    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.2    Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3    Priority Tax Claims.   Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, each holder of a priority tax claim will receive on account of such claim regular installment payments in cash –

a.    of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
b.    over a period ending not later than 5 years after the date of the order for relief; and
c.    in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)).

Post-confirmation payments on the Allowed Priority Tax Claim of the Texas Comptroller ("Comptroller") shall be made monthly.  Post-confirmation interest on the Comptroller's Allowed Priority Tax Claim shall accrue at the state statutory rate of 4.25%.

A failure by the reorganized Debtor to make a payment to the Comptroller as required by the Plan shall be an Event of Default. If the reorganized Debtor fails to cure an Event of Default as to a tax payment within ten (10) days after service of a written notice of default from the Comptroller to the Debtor and Debtor's counsel, then the Comptroller may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this court. Debtor will be allowed to cure no more than two Events of Default with the Comptroller. A third Event of Default cannot be cured without Comptroller's written consent.

      3.4    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

      4.1    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)) of the Bankruptcy Code. | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non- appealable order. The Debtor does not believe that is has any Class 1 Claims. |
| Class 2 – Secured Claim of Mutual of Omaha Bank | Impaired | Class 2 is impaired by this Plan. Mutual of Omaha Bank is deemed to have an allowed secured claim in the amount of $1,926,785.40. The term of the loan is extended for 12 months for a new maturity date of May 5, 2018. The holder of the Class 2 Claim will receive monthly payments of $16,170.48 a month for 48 months with a final payment of $1,465,599.01 in the 49th month (due June 3, 2018). |
| Class 3 – Allowed Secured Claims of Taxing Authorities | Impaired | Unless already paid in full, and except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, each holder of a Class 3 Claim will receive on account of such claim regular installment payments in cash – |

| | | |
|---|---|---|
| | | (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; and<br><br>(ii) over a period ending not later than 5 years after the date of the order for relief.<br><br>The County of Denton, Texas shall retain all property tax liens currently securing its claims until all taxes and interest protected by those liens have been paid as to any properties affected in any manner by this Plan.<br><br>Taxes for the 2014 tax year shall be timely paid, along with any penalties or accrued interest, in the ordinary course when due. If not so paid, the County of Denton, Texas, may exercise all state law collection activities, for all amounts due by the Debtor, without further recourse to the Bankruptcy Court. |
| Class 4 – General Unsecured Claims | Impaired | Holders of Class 4 General Unsecured Claims, to the extent not paid in full as cure claims, will receive on account of such claim regular installment payments in cash –<br><br>(i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; and<br><br>(ii) over a period ending not later than 5 years after the date of the order for relief. |
| Class 5 – Equity Interests of the Debtor | Unimpaired | Equity Interests in the Debtor will be retained by the current holders. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

1.    Air Carrier Lease, Operations and Management Agreement with BAM Denton Management Ventures, LLC d/b/a Business Air Management.

2.    ProAdvantage Agreement No. CJ1-0457B with Cessna Aircraft Company, Cessna Service Parts & Programs.

3.    JSSI Select Hard-Time Engine Maintenance Program Contract, Contract #JSS10001838 with Jet Support Services, Inc.

(b)    Cure Claim.    Except to the extent a party to an executory contract agrees otherwise, in accordance with §365 of the Bankruptcy Code, the Debtor/Reorganized Debtor shall cure all monetary and non-monetary defaults under the executory contracts.  A proof of claim arising from the assumption of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.1(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.1    Payment of Claims.    The Plan contemplates payment in full of all Allowed Claims funded by cash flow from operations, future income, and monthly infusions of capital from the equity holders as needed.

7.2    Post-Effective Date Management.    The Reorganized Debtor shall continue to exist after the Effective Date in accordance with the applicable laws of the State of Texas, for the purposes of operating and managing the Debtor's assets and satisfying its obligations under the Plan.  The Reorganized Debtor shall be owned by the current members. The Reorganized Debtor shall be managed by the current members, Dr. Nathan Graves and/or Dr. Gregory Echt.

7.3    Corporate Action.    The entry of the Confirmation Order shall constitute authorization for the Reorganized Debtor to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan on and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been

authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation. The management of the Reorganized Debtor is authorized and directed to do all things and to execute and deliver all agreements, documents, instruments, notices and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Debtor and Reorganized Debtor.

7.4    Documents. All documents necessary for the implementation of this Plan shall be executed by all necessary parties in interest on or before the Effective Date, unless another date is provided for a particular document or documents under this Plan. To the extent that the parties in interest herein are unable to agree on the form or substance of such documents, such unresolved issues shall be submitted to the Court for determination. Upon the Effective Date, or as soon as practicable thereafter, the Court shall have resolved said issues and all such documents shall be binding on the Debtor, the Creditors, and all other parties hereto.

7.5    Re-Vesting of Assets. On the Effective Date, except as otherwise provided in this Plan, title to all of the Debtor's assets shall vest in the Reorganized Debtor free and clear of all liens, claims, Causes of Action, interests, security interests and other encumbrances other than those provided herein or granted by Debtor on or after the Effective Date and without further order of the Bankruptcy Court. On and after the Effective Date, except as otherwise provided in this Plan, the Reorganized Debtor may operate its business and may use, acquire and dispose of its assets free of any restriction of the Bankruptcy Code unless otherwise provided in this Plan or under applicable state law.

7.6    Substantial Consummation. Substantial consummation of the Plan under Section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date.

7.7    Incorporation of Bankruptcy Rule 9019. To the extent necessary to effectuate and implement the compromises and releases contained in the Plan, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of all of the compromises and releases contained herein.

7.8    Incorporation of Valuation Motion. To the extent necessary to effectuate and implement the provisions of this Plan, the Plan shall be deemed to constitute a motion for valuation under the Bankruptcy Code, including to value any lien, security interest, or encumbrance treated by this Plan; provided, however, that nothing in this Plan shall alter any valuation ordered by Final Order of the Bankruptcy Court in the Chapter 11 Case.

7.9    Automatic Stay. The automatic stay provided in Section 362 of the Bankruptcy Code, shall remain in effect through the Effective Date, unless otherwise specifically modified, annulled, or terminated by the Bankruptcy Court pursuant to a separate order, and shall terminate on the Effective Date.

7.10    Rights under 1129(b). If any impaired class votes to accept the Plan, but not all classes accept the Plan, the Debtor will seek confirmation under the cram down provisions of

Section 1129(b) of the Bankruptcy Code and hereby gives notice of intent to invoke the cram down provisions of Section 1129(b) in that event.

    7.11     <u>Remedies in the Event of Default</u>.  In the event of a default under the Plan, each party-in-interest retains their state law rights except as modified by the Plan.  Nothing contained herein shall be construed to create a personal liability of the members of the Debtor where such liability did not previously exist prepetition.

## ARTICLE VIII
## GENERAL PROVISIONS

    8.1     <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

    8.2     <u>Effective Date of Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

    8.3     <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.4     <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.5     <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.6     <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

    9.1     <u>Discharge</u>. Upon the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d0(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B).  After the effective date of the Plan, your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

Respectfully submitted,

TX OK Air, L.L.C.


_____ */s/ Dr. Gregory Echt, M.D.*
Dr. Gregory Echt, M.D.
Managing Member of TX OK Air, L.L.C.

_____ */s/ Frances A. Smith* _____
Frances A. Smith
Texas State Bar No. 24033084
SHACKELFORD MELTON MCKINLEY
 & NORTON, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
Telephone: 214.780.1400
Facsimile: 214.780.1401
Email: fsmith@shackelfordlaw.net

**ATTORNEYS FOR TX OK AIR, L.L.C**